UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
September 18, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SALVADOR JIMENEZ, | ) | |
| TDCJ No. 870962, | ) | |
|     Plaintiffs, | ) | |
| | ) | 7:06-CV-138-R |
| v. | ) | |
| | ) | |
| STATE CLASSIFICATION COMMITTEE, | ) | |
|     Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This is an action filed pursuant to 42 U.S.C. § 1983 by an individual who, at the time of filing, was confined as an inmate in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Plaintiff claims that Defendants plotted and conspired to keep him confined in segregation for purposes of retaliation, because of his religion, because of his ethnic background and because of his practice in law. *See Attachment to Complaint.* He seeks monetary damages and injunctive relief. *Id.*

State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975 (1986). In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th

Cir.) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559 (1997)). This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which would indicate that he was held in segregation for purposes of retaliation. *See Plaintiff's Answer to the Court's Question No. 1.* Plaintiff's subjective belief and conclusory allegations of retaliation are insufficient to further maintain this claim.[1]

Similarly, Plaintiff has failed to articulate facts which could show that he was held in segregation because of his religion, because of his ethnic background or because of his practice in law. *See Plaintiff's Answers to the Court's Questions No. 1-4.* Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a cognizable claim under the Civil Rights Act when a plaintiff is directed by a court to state the factual basis of a claim. *See*

---

[1] The Court has the power to pierce the veil of a *pro se* plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 513 U.S. 883, 115 S.Ct. 220 (1994). Although *in forma pauperis* complaints are to be construed liberally, the Court is bound by the allegations of the complaint and is not free to speculate that a plaintiff might be able to state a claim if given yet another opportunity to add more facts. *Id.*

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). In short, Plaintiff's subjective belief that Defendants confined him in segregation because of his religion, his ethnic background and his legal activities, without more, is insufficient to maintain a civil rights claim.

Moreover, Plaintiff has not alleged any physical injury resulting from the alleged constitutional violations. *See Complaint*. Therefore, he is precluded from recovering monetary damages by the physical injury requirement of 28 U.S.C. § 1997e(e) which states:

> No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To the extent that Jimenez seeks injunctive relief, he must allege and show a likelihood of future harm. *Geiger*, 404 F.3d at 375. Because he is no longer confined in the Allred Unit, he cannot make such a showing. Therefore, he has no viable claim.

A district court may dismiss a complaint filed *in forma pauperis* if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal

theory." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. The claims set forth in the case at bar have no arguable basis under federal law.

IT IS THEREFORE ORDERED that the complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Clerk of Court shall transmit a copy of this Order to Plaintiff.

SO ORDERED this 18th day of September, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE